IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH HARRISON EURINGS INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED INDIVIDUALS, <br><br>*Plaintiff,* <br><br>v. <br><br>**CARDINAL CULINARY SERVICES, LLC** <br><br>*Defendant.* | §§§§§§§§§§§§ <br><br><br><br><br><br>A Jury Is Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT AND COLLECTIVE ACTION

### Summary of Lawsuit

Cardinal Culinary Services LLC ("Cardinal"), operates a business that violates the Fair Labor Standards Act ("FLSA") in order to gain an unfair advantage against its competitors. Specifically, Cardinal requires its employees to work more than 40 hours per week but refuses to pay overtime. This illegal pay practice provides Cardinal with the ability to unfairly compete against its competitors who follow the law. This suit is brought by one of these employees subjected to this illegal pay practice individually and on behalf of himself and all other similarly situated employees.

### Facts Supporting Relief

### General Allegations Relating to Plaintiff's Claims

1. Cardinal operates a catering business operating in the State of Texas and in other states around the country.

2. Cardinal hired Mr. Eurings in January of 2023. Mr. Eurings has worked at various locations for Cardinal including but not limited to vessels. Cardinal terminated Mr. Eurings in

July of 2023.

3. Cardinal assigned Mr. Eurings various catering duties including but not limited to preparing food to be cooked and served, cleaning, chopping, weighing, and measuring ingredients.

4. Cardinal paid Mr. Eurings by the hour.

5. Mr. Eurings routinely worked more than 40 hours per week. Cardinal was aware that Mr. Eurings routinely worked more than 40 hours be week because Cardinal paid Mr. Eurings straight time for all the hours that he worked.

6. Cardinal did not, however, pay Mr. Eurings one and a half times his hourly wage for hours worked over forty in any given work week, but instead paid him at the same hourly rate for all hours that he worked ("straight time").

7. Cardinal was extremely hands-on and notified Mr. Eurings the manner and method by which he was to carry out all assigned duties.

8. Cardinal required Mr. Eurings to work on Saturdays which put Mr. Eurings over 40 hours virtually every week.

9. Cardinal acted intentionally and with reckless disregard of the rights of Mr. Eurings.

## Facts Supporting FLSA Coverage

10. During each of the six months prior to this complaint being filed, Cardinal carried out an enterprise engaged in interstate commerce, purchasing materials through commerce, and transporting materials through commerce. Cardinal conducted transactions and business and provided services through commerce, including but not limited to the use of the Internet, electronic mail, phones, and credit cards.

11. During each of the six months prior to this Complaint being filed, Cardinal is a

businesses engaged in commerce or in the production of goods for commerce as defined by §3(f) and 3(s) of the Act, 29 U.S.C.§§203(r) and 203(s).

12. During each of the six months prior to this complaint being filed, Cardinal conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive or excise taxes) based upon the volume of the business.

13. During each of the six months prior to this complaint being filed, Cardinal used or handled goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment, or materials that were made outside of Texas and moved or used in Texas.

14. For more than the last six months, Cardinal exercised specific duties such as hiring and firing employees, supervising, controlling work schedules, dictating conditions of employment, setting the hourly rates, authorizing any payments, and instituting the illegal pay practices which are the subject of this lawsuit. Cardinal was the Plaintiff's "employer" as that term is defined under the FLSA and is thus subject to liability pursuant to the FLSA.

15. Cardinal is covered by and subject to the overtime requirements of the FLSA.

## Collective Action Allegations

16. Plaintiff and similarly situated individuals consist of current and former catering workers, or similar positions, who were compensated on an hourly basis. Through the relevant period, Cardinal maintained a policy and practice of failing to compensate its workers for overtime.

17. Cardinal had actual and constructive knowledge that its employees were working more than 40 hours per week and were not being paid overtime.

18. Cardinal's practice of not paying overtime for hours worked over forty violated the rights of its workers under the FLSA.

19. Plaintiff brings this action for violation of the FLSA as a collective action, pursuant to

Section 216(b) of the FLSA and asserts that the Court should authorize notice to be sent to:

All current and former catering workers who worked for Cardinal at any time during the past six months.

20. Cardinal is liable for his failure to pay its catering workers for all overtime hours performed.

21. Catering workers who elect to participate in the FLSA collective action seek compensation for all overtime hours not paid, an equal amount for liquidated damages, prejudgment interest, and attorney's fees and costs.

## Causes of Action

### Violation of the FLSA – Failure to Pay Overtime Premium

22. Cardinal violated the FLSA by failing to pay Mr. Eurings and other similarly situated catering workers overtime pay for hours worked over 40 per workweek.

23. Mr. Eurings and other similarly situated catering workers have suffered damages as a direct result of Cardinal's illegal actions.

24. Cardinal is liable to Mr. Eurings and other similarly situated catering workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the six months period preceding the filing of this lawsuit.

## Defendant, Jurisdiction, and Venue

25. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, et seq.

26. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

27. Cardinal's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Cardinal's catering workers are engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

28. This Court has specific personal jurisdiction over Plaintiff and Defendant because they are both domiciled in Texas.

29. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant conducts business in this District and substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

30. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## Parties

31. Plaintiff, Joseph Harrison Eurings, is a resident of the State of Texas, Harris County, Texas and has filed a consent to proceed.

32. Cardinal is a limited liability corporation organized under the laws of the state of Texas having its principal offices and place of business in Alvin, Texas. Cardinal may be served with citation and service of process by serving its registered agent, Michael D Robinson II, at 5950 FM 517 Road, Alvin, TX, 77511, USA.

## Demand for Jury

33. Plaintiff demands a trial by jury.

## Relief Requested

**WHEREFORE,** Mr. Eurings and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons working for Defendant as

construction workers who worked for Defendant during the three-year period prior to the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendant for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;

4. Judgment against Defendant that its violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ David R. Rodriguez Burns*
**David R. Rodriguez Burns**
State Bar No. 00797335
USDC – S.D. Tex. Bar No. 3868200
david@gonzalezlawgroup.net
7151 Office City Dr.
Houston, Texas 77087
Office: (832) 530-4070
Fax: (832) 530-4090
**ATTORNEYS FOR PLAINTIFF**
**JOSEPH HARRISON EURINGS**